(March 1965)
(formerly 4—1043)
Wyoming 43908

# The United States of America

### To all to whom these presents shall come, Greeting:

WHEREAS

Melvin M. Brandt and Lula M. Brandt

in exchange for certain other lands conveyed to the United States, has selected and is entitled to a Land Patent pursuant to the Act of March 20, 1922, as amended, 16 U.S.C. 485 (1970), for the following described lands:

Sixth Principal Meridian, Wyoming

T. 13 N., R. 78 W.,

Tract 37.

Containing 83.32 acres;

NOW KNOW YE, that there is, therefore, granted by the UNITED STATES unto the above named claimants the land above described; TO HAVE AND TO HOLD the said land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto the said claimants, their successors and assigns, forever;

EXCEPTING AND RESERVING TO THE UNITED STATES from the land granted a right-of-way thereon for ditches or canals constructed by the authority of the United States; and

  RESERVING TO the United States, and its assigns, a right-of-way for the existing Platte Access Road No. 512 over and across Tract No. 37, in Sections 21 and 22, T. 13 N., R. 78 W., 6th P.M.; beginning at a point from which Corner No. 7 of Tract 37, T. 13 N., R. 78 W., 6th P.M. bears N. 13° 40' E., approximately 420 feet, thence, with a right-of-way width 10 feet to left of the centerline and 20 feet to the right of the centerline, traversing in a southwesterly direction approximately 105 feet to a point from which Corner No. 6 of said Tract No. 37 bears N. 73° 29' W., approximately 20 feet; and at which the right-of-way changes to 80 feet in width lying equally on either side of a centerline and continues traversing in a southwesterly direction approximately 1,720 feet to a point on the south boundary of the said Tract No. 37 from which Corner No. 3 of said Tract 37 bears N. 70° 03' W., approximately 825 feet and extending or shortening the side lines so as to terminate at the property line of said Tract 37, having a total length of approximately 1,825 feet and containing 3.30 acres, more or less; and

  RESERVING TO the United States, and its assigns, a right-of-way for the existing Dry Park Road No. 517, over and across Tract 37 in Sections 21 and 22, T. 13 N., R. 78 W., 6th P.M. being approximately 80 feet in width, 40 feet to the left of the centerline, and to the extent the right-of-way

Patent Number  49-76-0031



DEFENDANT'S EXHIBIT 1

Form 1860-10
(July 1975)
Wyoming 43908

delineated by the following described centerline lies within the foregoing described Tract 37 approximately 40 feet to the right of that centerline, and extending and shortening the sidelines so as to terminate at the property line. The centerline begins at a point on the north boundary of Tract 37, T. 13 N., R. 78 W., 6th P.M. between Corner No. 7 and Corner No. 8 of said Tract 37 from which said Corner No. 7 bears N. 73° 35' W., approximately 100 feet and traversing in a southwesterly direction approximately 440 feet to a point representing the terminus of road No. 517 and its junction with road No. 512, from which the Corner No. 7 of said Tract 37 bears N. 13° 40' E., approximately 420 feet containing 0.71 acres, more or less.

Provided, that if for a period of five years, the United States, or its assigns, shall cease to use the above roads, or any segment thereof, for the purposes reserved, or if at any time the Regional Forester determines that the roads, or any segment thereof, is no longer needed for the purposes reserved, the easement traversed thereby shall terminate. In the event of such nonuse or such determination by the Regional Forester, the Regional Forester shall furnish to the patentees or, their heirs or assigns, a statement in recordable form evidencing termination.

SUBJECT TO those rights for railroad purposes as have been granted to the Laramie Hahn's Peak & Pacific Railway Company, its successors or assigns by permit Cheyenne 04128 under the Act of March 3, 1875, 43 U.S.C. 934-939.

IN TESTIMONY WHEREOF, the undersigned authorized officer of the Bureau of Land Management, in accordance with the provisions of the Act of June 17, 1948 (62 Stat. 476), has, in the name of the United States, caused these letters to be made Patent, and the Seal of the Bureau to be hereunto affixed.

[SEAL]

GIVEN under my hand, in Cheyenne, Wyoming the EIGHTEENTH day of FEBRUARY in the year of our Lord one thousand nine hundred and SEVENTY-SIX and of the Independence of the United States the two hundredth. and

By _____

Acting Chief, Branch of Lands and Minerals Operations

Patent Number 49-76-0031

# DECISION MEMO
## Fox Park Re-Route

Laramie Ranger District
Medicine Bow-Routt National Forest
Albany County, Wyoming

### Proposed Action:

The Laramie Ranger District of the Medicine Bow-Routt National Forest is proposing to re-route the transportation system in the vicinity of Fox Park. Fox Park is located along Forest Service Road (FSR) 512 approximately 1 and 1/2 miles north of Highway 230 (please see the enclosed map). The proposal includes closing and obliterating roughly 0.2 miles of FSR 512 from the junction of FSR 512 and FSR 517 to the Fox Park Resort. To continue to allow access on FSR 512, FSR 512.C would be re-opened. FSR 512.C runs west of Fox Park between the Resort and the old Fox Park Forest Service Work Center and joins with FSR 512. The enclosed map depicts the proposed re-route.

The purpose of the project is to reduce traffic concerns next to the Fox Park Resort. Due to the straight away on FSR 512 past the resort, excessive speeds have been reported which is a safety concern. The traffic also results in excessive dust which is a health concern and an annoyance. The proposed re-route would alleviate these problems.

FSR 512, in the vicinity of the Fox Park Resort, is owned by Marv Brandt, owner of the Resort. The Forest Service currently has an easement allowing access across the road. By implementing this proposal, the Forest Service would relinquish the easement and access would be provided on National Forest System (NFS) lands.

### Decision:

It is my decision, based upon a review of the environmental analysis, to proceed with the transportation re-route, as described above, in the vicinity of Fox Park. The reasons for my decision are as follows:

- An Interdisciplinary Team of Forest Service specialists analyzed the proposal and determined that there are no significant issues related to it, as described in 40 CFR 1508.28. Public involvement activities (40 CFR 1506.6), including Scoping (40 CFR 1501.7), supported this conclusion.

  Implementation of this project will improve public health and safety.

  This decision will continue to allow access on FSR 512 and will alleviate the above-mentioned health and safety concerns. It will also allow the Forest Service to relinquish the existing easement because access will be provided solely on NFS lands.

  No archaeological or historical properties will be affected by project implementation.

Based on the environmental analysis (40 CFR 1501.2(a)) and public Scoping, the effects of implementing this proposal will be of limited context and intensity. It will also result in little or no additional impacts to either the physical or biological components of the environment. In addition, this proposal does not



involve any extraordinary circumstances. Therefore, this project is Categorically Excluded from documentation in an Environmental Assessment or Environmental Impact Statement, as described by Category 4.c, in Forest Service Handbook 1909.15, Section 31.1: 4) Repair and maintenance of roads, trails, and landline boundaries; a) Resurfacing a road to its original condition.

## Public Involvement:

On September 17, 1996, a letter informing people of this project was sent to approximately 12 individuals, Landowner Associations, and groups. The letter included a description of the proposed action, the need for the action, anticipated opportunities, and the type of decision to be made. The letter also requested that comments, suggestions, and concerns be submitted to the Laramie District to assist the ID Team in identifying significant issues. Also on September 17th, a news release describing the proposal and requesting comments on it was mailed to radio stations and newspapers in Laramie, Rawlins, and Cheyenne. Between the two scoping efforts, only one comment letter was received. The letter was in favor of the project.

## Findings Required by Other Laws:

The <u>Medicine Bow National Forest and Thunder Basin National Grassland Land and Resource Management Plan</u> (Forest Plan) has been reviewed and a determination made that this decision complies fully with the Goals and Objectives listed on Forest Plan pages III-3 through III-6. In addition, this projects is consistent with applicable Management Area Direction, General Direction, and Standards and Guidelines (pages III-85 through III-234) of the Forest Plan.

This decision has been reviewed by the project ID Team and compared to the requirements in Forest Service Handbook 1909.15, Chapter 10, Section 15. Floodplains, prime forest lands, wetlands, threatened and endangered species, minorities and women, Indian Tribes, and cultural resources have been considered and will not be adversely affected by the proposed activities of this project.

## Implementation Date:

Implementation of this decision may occur immediately.

## Administrative Review or Appeal Opportunities:

This decision is not subject to administrative appeal pursuant to 36 CFR 215.8(4), "Notice, Comment, and Appeal Procedures for National Forest System Projects and Activities."

## Contact Person:

Anyone desiring additional information may contact Michael Sanders, District Ranger, at the Laramie Ranger District Office, 2468 Jackson Street, Laramie, Wyoming 82070. Telephone: (307) 745-2300.

**Responsible Official**

_____          10/21/96
MICHAEL M. SANDERS, District Ranger         Date