JOHN R. GREEN
Acting United States Attorney
CAROL A. STATKUS
NICHOLAS VASSALLO
Assistant United States Attorneys
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone:  307-772-2124
Facsimile:  307-772-2123
carol.statkus@usdoj.gov
nick.vassallo@usdoj.gov


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  06-CV-0184J |
| | ) | and |
| | ) | |
| WYOMING AND COLORADO | ) | Consolidated Case No. 06-CV-171J |
| RAILROAD COMPANY, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY
JUDGMENT ON THE SECOND COUNTERCLAIM OF
DEFENDANTS/COUNTERCLAIMANTS MARVIN M. BRANDT REVOCABLE TRUST
AND MARVIN M. BRANDT, TRUSTEE**

The United States, by and through the Acting United States Attorney for the District

of Wyoming and Assistant United States Attorneys Carol A. Statkus and Nicholas Vassallo,

submits  this  brief  in  support  of  its  motion  for  summary  judgment  on  the  Second

Counterclaim for Quiet Title of Defendants/Counterclaimants Marvin M. Brandt Revocable

Trust and Marvin M. Brandt, Trustee ("Brandt Trust").[1]

 The United States filed this quiet title action only with respect to the railroad right-of-

way that runs for 28.08 miles from the Albany, Wyoming area through Fox Park and

Mountain Home to the Colorado border.  See Amended Complaint & ¶¶ 12-13 & Exhibit D.

The vast majority of the land through which the right-of-way runs is National Forest(i.e.,

Medicine Bow Routt National Forest) land; however, a small fraction is privately owned and

those private owners are Defendants in the United States' quiet title suit. The United States

did not raise any issue related to Forest Development Road ("FDR") 512 which runs through

the Fox Park area.

On August 8, 2006, Marvin M. Brandt in his individual capacity ("Mr. Brandt") filed

a Second Counterclaim against the United States to quiet title to a .2 mile section of FDR 512

(also known as Platte Access Road No. 512, Forest Service Road 512, and National Forest

System Road 512) where it crossed through his property at Fox Park.  He alleged that the

United States has "expressly, and as a matter of non-use, relinquished all right, title and

---

[1]The United States has agreed to the substitution of the Marvin M. Brandt Revocable
Trust and Marvin M. Brandt, Trustee as the real parties in interest in place of Marvin M. Brandt
in his individual capacity.  Mr. Brandt conveyed his Fox Park property to the trust in 2002.

interest" in that section of road.[2]

On October 1, 2007, the Brandt Trust, current owner of the property in Fox Park, filed, as an attachment to its motion to amend and correct the caption, a First Amended Answer and Counterclaims in which the Second Counterclaim was changed. Instead of seeking quiet title to only a .2 mile section of FDR 512, as sought in the original counterclaim, the Brandt Trust, according to the amended counterclaim, now seeks quiet title to "the section of Forest Service Road 512 that crosses the Trust's property". *Compare* Answer and Counterclaims of the Brandt Trust, Second Counterclaim for Quiet Title ¶ 14 *with* First Amended Answer and Counterclaims of Marvin M. Brandt, Second Counterclaim for Quiet Title ¶ 14. Ostensibly, at the last minute here, it looks like the Brandt Trust is going after more than .2 miles of FDR 512.

The United States reserved an easement for FDR 512 in the land patent issued to Mr. and Mrs. Brandt, the Brandt Trust's predecessor in interest, in 1976. The patent provides the following two explicit conditions whereby the road easement will terminate: (1) non-use of the road by the United States for a five-year period or (2) a determination by the Regional Forester that the road or a segment of it is no longer needed for the purposes reserved.

---

[2]Answer and Counterclaims of Defendant Marvin M. Brandt, Second Counterclaim for Quiet Title, ¶ 14 (August 8, 2006).

Neither condition has occurred.  The United States has not ceased to use the road for a period

of five years and the Regional Forester has not determined that the road or any segment of

it is no longer needed for the purposes reserved.  Consequently, the reserved easement has

not terminated; the Brandt Trust's Second Counterclaim for Quiet Title should be dismissed;

and title to the subject easement should be quieted in the United States.

## I.    THE UNITED STATES' RESERVED ROAD RIGHT-OF-WAY HAS NOT TERMINATED.

### A.  The United States' Reserved Right-of-way under the Patent

The United States expressly reserved the road right-of-way through Fox Park in Land

Patent 49-76-0031 dated February 18, 1976 issued to the Brandt Trust's predecessors in

interest, Melvin M. Brandt and Lula M. Brandt.  *See* attached Exhibit 1.  That patent granted

83.32 acres in Tract 37[3] to the patentees but, insofar as pertinent to the Brandt Trust's Second

Counterclaim, reserved road right-of-ways under the following language:

> RESERVING TO the United States, and its assigns, a right-of-
> way for the existing Platte Access Road No. 512 over and across
> Tract No. 37 ... containing 3.30 acres, more or less; and

---

[3]Tract 37 consisting of 83.32 acres is generally referred to as "Fox Park" or the "Fox Park Industrial Site" and was the land conveyed by the 1976 patent which is attached as Exhibit 1. Subsequently, a 34.97 acre portion of Tract 37 was subdivided into 60 lots referred to as "Fox Park Estates."  *See* Declaration of Clinton D. Kyhl, attached as Exhibit 2, at ¶ *9* ("Kyhl Declaration").

> RESERVING TO the United States, and its assigns, a right-of-way for the existing Dry Park Road No. 517, over and across Tract 37 ... containing 0.71 acres, more or less.
>
> Provided, that if for a period of five years, the United States, or its assigns, shall cease to use the above roads, or any segment thereof, for the purposes reserved, or if at any time the Regional Forester determines that the roads, or any segment thereof, is no longer needed for the purposes reserved, the easement traversed thereby shall terminate.  In the event of such nonuse or such determination by the Regional Forester, the Regional Forester shall furnish to the patentees or, their heirs or assigns, a statement in recordable form evidencing termination.

See id.  The Platte Access Road No. 512 referred to in the patent is also known as Forest Development Road ("FDR") 512.[4]  See Kyhl Declaration, ¶ 6.  The road easement was a perpetual one which could be assigned unless one of the two explicit conditions for termination, set forth in the patent, occurred.

**B.  The District Ranger's Decision to Re-route Traffic**

In September of 1996, Forest Service District Ranger, Michael Sanders, wrote  Mr. Brandt stating that the Forest Service was willing to re-route the transportation system in the vicinity of Fox Park because of traffic concerns resulting from excessive speeds which caused safety and dust problems.  See Kyhl Declaration, ¶ 7 & Attachment A.  As part of this proposed re-route project, the District Ranger proposed closing 0.2 miles of FDR 512

---

[4]Other names for the same road are Forest Service Road 512 and National Forest System Road 512.  See id.

relinquishing the reserved right-of-way in that road section.  This was the section of road which was the subject of Mr. Brandt's original counterclaim filed August 8, 2006.

The Forest Service prepared an environmental analysis of the proposed re-routing of traffic around Fox Park and, based on that analysis, on October 21, 1996, the District Ranger approved a "Decision Memo - Fox Park Re-Route".  *See* Kyhl Declaration, ¶ 7 & Attachment B.  In the decision, the District Ranger decided to proceed with the re-routing of traffic with respect to the .2 mile section of FDR 512 to alleviate safety and health concerns, and also to relinquish the reserved right-of-way on that section.   *See id.* & also the map which is part of Attachment B.

Thereafter, the Forest Service went ahead and re-routed the public road around Fox Park.  The result of this action, taken only at public expense, was to benefit Mr. Brandt (now the Brandt Trust) and the other owners of the private property within Fox Park Estates. *See* Kyhl Declaration, ¶ 8.

## C.   The District Ranger's Re-route Decision did not Terminate the Right-of-way.

 In the Second Counterclaim for Quiet Title, the Brandt Trust alleges that the Forest Service has expressly and as a matter of non-use relinquished the reserved right-of-way across its property.  However, the proviso language of the patent, quoted above, sets forth two conditions, one of which much occur before there can be a termination of the right-of-

way, and neither of those conditions has occurred.   Consequently, there has been no termination of the reserved right-of-way.

The 1976 land patent gives the Regional Forester, not the District Ranger, authority to terminate the right-of-way.  In the Forest Service organization, the Regional Forester is two tiers of authority above that of the District Ranger.[5]  For purposes of the abandonment of the road segment, the District Ranger's "decision" to abandon a .2 mile segment of FDR 512 could actually only be a recommendation -- one that was not acted upon by the person above him (the Regional Forester) with the authority to do so.  See Kyhl Declaration, ¶¶ 9, 11.  It is well-established that federal law governs federal property interests unless Congress by enactment makes state law applicable.  *See, United States v. 93.970 Acres of Land,* 360 U.S. 328, 332-33 (1959)(where the court also stated it would not assume that an explicit termination clause in a lease issued by a federal agency "means any less than it seems to mean.").  In *United States v. California*, 332 U.S.19, 40 (1947), the Supreme Court held that the federal government

> is not to be deprived of [its property] interests by ... rules designed particularly for private disputes over individually

---

[5]In this case, the District Ranger is the line officer in charge of the Laramie Ranger District, a subunit of the Medicine Bow-Routt National Forest.  The District Ranger reports to the Forest Supervisor of the Medicine Bow-Routt National Forest.  The Forest Supervisor, in turn, reports to the Regional Forester, Rocky Mountain Region, located in Denver.  The Regional Forester supervises all National Forest System lands in the states of Colorado, Kansas, Nebraska, South Dakota and Wyoming.  *See*, Kyhl Declaration, ¶ 4.

> owned pieces of property; and officers who have no authority at
> all to dispose of Government property cannot by their conduct
> cause the Government to lose its valuable rights by their
> acquiescence, laches or failure to act.[6]

In this case, the District Ranger had the authority to re-route traffic around Fox Park, which

he did.  However, he did not have the authority to relinquish the right-of-way and, the United

States cannot be bound by his October 1996 "decision" if it is construed as an attempt to do

so.[7]

The Regional Forester has the sole authority to abandon the right-of-way.  In *United*

*States v. 434.00 Acres*, 792 F.2d 1006, 1009 (11th Cir. 1986), the plaintiffs sought a

determination that the United States had abandoned an easement when, over a period of time,

it was not used for the purpose set forth in the easement deed.[8]  The Court expressly held that

even though the United States had not utilized the property as envisioned in the easement

---

[6]*See also*: *Atlantic Richfield Co. v. Hickel*, 432 F.2d 587, 591-92 (10th Cir. 1970)
("The United States may not be estopped from asserting a lawful claim by the erroneous
or unauthorized actions or statements of its agents or employees nor may the rights of the
United States be waived by unauthorized agents' acts"); *Sweeten v. United States Dep't of
Agriculture Forest Service*, 684 F.2d 679, 682 (10th Cir. 1982).

[7]The property rights of the United States cannot be lost by estoppel or the failure of the
United States or its officials to claim them. *Light v. United States*, 220 U.S. 523 *et seq.* (1911);
*Utah Power & Light Co. v. United States,* 243 U.S. 389, 409-10 (1917);*United States* v.
*California,* 332 U.S. at 39-40.

[8]The government ultimately utilized the easement for a different purpose, but some 23
years passed during which the easement apparently was not used.  *Id.* at 1007.

deed, there could be no abandonment absent strict compliance with federal law regarding disposition of real property interests.  The court also found there could be no abandonment contrary to the express language of the easement itself.  *Id*. at 1009-1010.

Applying the rationale of *434.00 Acres*, even if the Forest Service did close the road segment through Fox Park to public traffic and no longer used that segment as a public thoroughfare, there is still no abandonment unless it is expressly done by the Federal official with authority to do so in accordance with the plain language of the easement.  Here, the Regional Forester did not abandon the right-of-way, and his failure to do so does not give rise to any duty to the Brandt Trust and the other beneficiaries of the re-route.  There was no contractual or other agreement with the Forest Service over the District Ranger's re-route and abandonment decision, and the Brandt Trust and the other beneficiaries of the re-route, despite the benefits to them derived from the Federal action, contributed nothing to it.  Yet, despite the lack of an abandonment, the Brandt Trust and others got what they wanted most, the re-routing of traffic around Fox Park Estates.  The Regional Forester's non-action on the abandonment can be simply explained.  It was not necessary for the Regional Forester to abandon the federal property right (the reserved road right-of-way) because that was not a necessary prerequisite to the re-routing of the traffic which was, after all, the management objective.

Simply put, the Regional Forester, the official with authority to act, did not determine that the subject road or any segment of it, was no longer needed for the purposes reserved; therefore, the condition in the patent that the Regional Forester must make such a determination for the easement to terminate has not occurred and the easement remains extant.

### D.   The Reserved Right-of-Way has not Terminated through Non-use.

The patent provides that the right-of-way shall terminate if the United States or its assigns cease to use the road for a period of five years.   Here, the Forest Service has continually used the segment of FDR 512 that crosses Fox Park after the 1996 decision by the District Ranger to re-route public traffic around Fox Park.

In July, 1997, the then Forest Supervisor, Jerry E. Schmidt, issued Travel Management Order 97-10.   See Declaration of Curtiss J. Orde ("Orde Declaration"), attached as Exhibit 3 ("Orde Declaration") at ¶ 5, Attachment 1; Kyhl Declaration, ¶ 10, Attachment C.   That closure order prohibited the public from operating motor vehicles on the segment of FDR 512 that runs through Fox Park.[9]   The 1997 order is *prima facie* evidence of the United States' continuing ownership of the reserved road right-of-way.   Had the road been

---

[9]Notably, the 1997 closure order applied to the entire segment of FDR 512 through Fox Park, whereas the District Ranger's 1996 decision memo to re-route and abandon applied to only a .2 segment of FDR 512 up to Fox Park Estates.   *Compare* Kyhl Declaration, Attachment C (drawing) *with* Kyhl Declaration, Attachment B (map).

abandoned in 1996, the Forest Supervisor would have had no jurisdiction to close the road.[10]

Instead, the Supervisor did have jurisdiction and closed the road to public traffic, expressly

*exempting* certain classes of people including "Any Federal, State, or local officer, or

member of an organized rescue or fire fighting force in the performance of an official duty."

As noted below, Federal officials have continued to use that road in the performance of

official duties.

P. Michael Winters, whose declaration is attached, has been a Forest Service

employee for 36 years, and currently is a Land Use Specialist for the Medicine Bow-Routt

National Forests.  Mr. Winters' declaration recounts the closure of the portion of FDR 512

through Fox Park as a result of the 1997 closure order.  Winters states that access is gained

on the road section through an unlocked gate and that, over the course of the last decade, he

has entered on to the road segment in the course of his official duties for purposes of

inspecting the easements to check for encroachments and to ascertain the general condition

of the right-of-way for Forest Service uses.  Declaration of P. Michael Winters, attached as

Exhibit 4.

Curtiss J. Orde, whose declaration is also attached, has been a Forest Service

employee for 29 years, and is currently the Law Enforcement Officer for the Medicine Bow-

---

[10]The closure regulation states: "... each Forest Supervisor may issue orders which close
or restrict the use of any National Forest System road or trail within the area *over which he has
jurisdiction*."  Title 36, Code of Federal Regulations, §261.50(b)(*emphasis added*).

Routt National Forests.  Orde's declaration states that he was familiar with the actions leading to the 1997 public use closure, but that the Forest Service continued to have access to and use the segment of Forest Development Road 512 which was the subject of the closure order.  Based on dates and times from his personal work logs, he states:

> Over the course of the past decade, in the performance of my official duties, I have entered upon that portion of Forest Development Road 512 for the purposes of: 1) contacting unlicensed (ATV, motorcycle, snowmobiles) operators, 2) contacting firewood cutters to check permits, 3) contacting operators of non-registered ATVs and/or motorcycles ridden from Forest Development Road 512 on the National Forest, 4) attempting to locate criminal suspect for the Albany County Sheriff's Office, 5) checking on the structural integrity of the road bed, and 6) contacting snowmobile operators to inspect registration decals, and 7) conducting accident investigations associated with Mr. Greg Brown's snowmobile rental business which operates on Fox Park Estates property adjacent to Forest Development Road 512.

Orde Declaration, ¶ 7.

The 1997 closure order by Forest Supervisor Jerry Schmidt and the Winters and Orde declarations clearly show intent and actions consistent with the retention by the United States of the segment of Forest Development Road 512 which runs through Fox Park.  And, the utility of that course of conduct can be easily demonstrated by the specific Forest Service activities identified in ¶¶ 7 and 8 of Orde's Declaration and by the present action brought by the United States to quiet title to the railroad right-of-way.  The availability of road access on Forest Development Road 512, which is parallel to the railroad right-of-way, will facilitate construction and maintenance on the recreational trail.  While the 1997 order closed

the road segment to public use, that order is revocable in whole or part by the Forest Service. See Kyhl Declaration, ¶ 5.

In sum, the Forest Service has not ceased to use the road for a five-year period, therefore, the condition in the patent that there must be five years of nonuse by the United States for the easement to terminate, has not occurred and the easement remains extant.

### E.    Conclusion

There is no dispute that the United States reserved a road right-of-way in the conveyance of a patent to the Brandt Trust's predecessors in interest.  There is no genuine issue of material fact that neither condition set forth in the patent for termination of the road right-of-way has occurred.

In 1996, the Forest Service District Ranger made a management decision at the behest of Mr. Brandt to re-route public traffic around Fox Park Estates.  He also decided to abandon a 0.2 mile segment of Federal Development Road 512 up to Fox Park Estates.  The District Ranger's decision to re-route the road was done  solely at public expense, to the benefit of Mr. Brandt and the residents of Fox Park Estates. While the re-route of traffic took place, the District Ranger's decision to abandon the right of way was not acted upon by the Regional Forester, the only Federal official empowered to effect an abandonment.  The Regional Forester was under no duty to abandon Federal property and clearly has not done so.

Subsequent actions by the United States not only show a clear intent not to abandon the Forest Service road (FDR 512) through Fox Park but show an affirmative intent to maintain the Federal interest.   Retention of that property interest in the United States is important to the management of the Medicine Bow-Routt National Forests.

Neither of the conditions explicitly set forth in the patent for termination of the easement has occurred; therefore, the easement as a matter of law is alive and well.

WHEREFORE the United States respectfully requests that the court dismiss the Brandt Trust's Second Counterclaim for Quiet Title; enter judgment in the United States' favor on that counterclaim, denying the Brandt Trust's request for relief; and quieting title to the segment of FDR 512 that runs through Fox Park in the United States.

Dated this 10th day of October, 2007.

JOHN R. GREEN
Acting United States Attorney


By:   _____
CAROL A. STATKUS
NICHOLAS VASSALLO
Assistant United States Attorneys
Attorneys for the Plaintiff

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 10, 2007, I served the Foregoing ***BRIEF IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT ON THE SECOND COUNTERCLAIM OF DEFENDANTS/COUNTERCLAIMANTS MARVIN M. BRANDT REVOCABLE TRUST AND MARVIN M. BRANDT, TRUSTEE*** upon the following by the methods indicated below:

Charles Michael (Steve) Aron              [  ] By Facsimile
Aron and Henning, LLP                     [  ] By U.S. Mail - postage prepaid
1427 North Fifth Street, Suite 201        [  ] By Hand Delivery
Laramie, WY 82072                         [  ] By Overnight Courier
cma@a-hlaw.com                            [X] By Electronic Filing
*Attorney for Lawrence and Ginny Otterstein*

William Perry Pendley                      [  ] By Facsimile
Joshua D. McMahon                          [  ] By U.S. Mail - postage prepaid
Mountain States Legal Foundation          [  ] By Hand Delivery
2596 South Lewis Way                       [  ] By Overnight Courier
Lakewood, CO 80227                         [X] By Electronic Filing
wppendley@mountainstateslegal.com

*Attorney for Marvin M. Brandt*

Richard C. Bohling                         [  ] By Facsimile
Albany County Attorney's Office            [  ] By U.S. Mail - postage prepaid
525 Grand Avenue, Suite 304                [  ] By Hand Delivery
Laramie, WY 82070                          [  ] By Overnight Courier
rbohling@co.albany.wy.us                   [X] By Electronic Filing
*Attorney for Albany County Commissioners*

James P. Schermetzler                      [  ] By Facsimile
Albany County Attorney's Office            [  ] By U.S. Mail - postage prepaid
525 Grand Avenue, Suite 100                [  ] By Hand Delivery
Laramie, WY 82070                          [  ] By Overnight Courier
jschermetzler@co.albany.wy.us              [X] By Electronic Filing
*Attorney for Albany County Commissioner*

Karen J.Budd-Falen                                  [  ] By Facsimile
Brandon Lee Jensen                                  [  ] By U.S. Mail - postage prepaid
Budd-Falen Law Offices LLC                          [  ] By Hand Delivery
P.O. Box 346                                        [  ] By Overnight Courier
Cheyenne, WY 82003-0346                             [X] By Electronic Filing
main@buddfalen.com
*Attorney for Roger L. Morgan;*
*Marilyn & David Yeutter; and Ronald B. and*
*Helen D. Yeutter*


Philip A. Nicholas                                  [  ] By Facsimile
Anthony, Nicholas, Goodrich & Tangeman              [  ] By U.S. Mail - postage prepaid
P.O. Box 928                                        [  ] By Hand Delivery
Laramie, WY 82073                                   [  ] By Overnight Courier
nicholas@wyolegal.com                               [X] By Electronic Filing
*Attorney for Daniel & Susan McNierney and*
*Breazeale Revocable Trust*


Theodore C. Preston                                 [  ] By Facsimile
Prehoda, Leonard & Hanack, LLC                      [  ] By U.S. Mail - postage prepaid
P.O. Box 789                                        [  ] By Hand Delivery
Laramie, WY 82073-0789                              [  ] By Overnight Courier
tpreston@laramielaw.com                             [X] By Electronic Filing
*Attorney for Patrick R. and Lynda L. Rinker;*
*and Patricia A. Rinker Flanigin*
*DuWayne & Elizabeth Keeney*
*Kenneth R. Lankford Sr.*
*Kenneth R. Lankford, II*


Mason F. Skiles                                     [  ] By Facsimile
Skiles & Rodriguez                                  [X] By U.S. Mail - postage prepaid
502 South 4th Street                                [  ] By Hand Delivery
Laramie, WY 82070                                   [  ] By Overnight Courier
*Attorney for Gary & June Williams and*             [  ] By Electronic Filing
*Edmund L. and Donna Ellen Gruber*

Gay Vanderpoel Woodhouse         [  ] By Facsimile
Gay Woodhouse Law Office         [  ] By U.S. Mail - postage prepaid
211 West 19th Street, Suite 308      [  ] By Hand Delivery
Cheyenne, WY 82001          [  ] By Overnight Courier
gaywoodhouselaw@aol.com      [X] By Electronic Filing
*Attorney for Donald & Wanda Graff*

Karl Morell                [  ] By Facsimile
Ball Janik, LLP            [  ] By U.S. Mail - postage prepaid
1455 F Street N.W., Suite 225       [  ] By Hand Delivery
Washington, D.C. 20005        [  ] By Overnight Courier
kmorell@dc.bjllp.com         [X] By Electronic Filing
*Attorney for Wyoming & Colorado Railroad*
*Company, Inc.*

Juan and Susan Torres       [  ] By Facsimile
3513 Linestone Court        [X] By U.S. Mail - postage prepaid
Fort Collins, CO 80525       [  ] By Hand Delivery
                                  [  ] By Overnight Courier
                                  [  ] By Electronic Filing

Bunn Family Trust           [  ] By Facsimile
Debra R. Hinkel, Trustee      [X] By U.S. Mail - postage prepaid
P.O. Box 1010             [  ] By Hand Delivery
Laramie, WY 82073         [  ] By Overnight Courier
                                  [  ] By Electronic Filing

Ralph L. Lockhart          [  ] By Facsimile
P.O. Box 36               [X] By U.S. Mail - postage prepaid
Laramie, WY 82073         [  ] By Hand Delivery
                                  [  ] By Overnight Courier
                                  [  ] By Electronic Filing

Duane and Patricia King      [  ] By Facsimile
1802 Arnold Street         [X] By U.S. Mail - postage prepaid
Laramie, WY 82070         [  ] By Hand Delivery
                                  [  ] By Overnight Courier
                                  [  ] By Electronic Filing

Marilyn Flint and Marjorie Secrest            [  ] By Facsimile
17200 West Bell Road, Lot 2146                [X] By U.S. Mail - postage prepaid
Surprise, AZ 85374                            [  ] By Hand Delivery
                                              [  ] By Overnight Courier
                                              [  ] By Electronic Filing


Glenna Louise Marrs Trust                     [  ] By Facsimile
Glenna Marrs and Rondal Wayne, Trustees       [X] By U.S. Mail - postage prepaid
376 Gilmore Gulch                             [  ] By Hand Delivery
Laramie, WY 82070                             [  ] By Overnight Courier
                                              [  ] By Electronic Filing


Snowy Range Properties, LLC                   [  ] By Facsimile
1148 State Highway 11                         [X] By U.S. Mail - postage prepaid
Laramie, WY 82070                             [  ] By Hand Delivery
                                              [  ] By Overnight Courier
                                              [  ] By Electronic Filing


Ray L. Waits                                  [  ] By Facsimile
8736 S. Carr Street                           [X] By U.S. Mail - postage prepaid
Littleton, CO 80128-6914                      [  ] By Hand Delivery
                                              [  ] By Overnight Courier
                                              [  ] By Electronic Filing


Michael and Sally Palmer                      [  ] By Facsimile
715 S. 11th Street                            [X] By U.S. Mail - postage prepaid
Laramie, WY 82070                             [  ] By Hand Delivery
                                              [  ] By Overnight Courier
                                              [  ] By Electronic Filing


Robert S. and Dorothy M. Pearce               [  ] By Facsimile
David M. Pearce, Steve M. Pearce and          [X] By U.S. Mail - postage prepaid
Kathlynn A. Lambert                           [  ] By Hand Delivery
2990 Plateau Drive                            [  ] By Overnight Courier
Salt Lake City, UT 84109                      [  ] By Electronic Filing

Steven P. And Janis A. Taffe                [  ] By Facsimile
4062 Hwy 230                                [X] By U.S. Mail - postage prepaid
Laramie, WY 82070                           [  ] By Hand Delivery
                                            [  ] By Overnight Courier
                                            [  ] By Electronic Filing


Billy M. and Tobin L. Ratliff              [  ] By Facsimile
719 South 4th Street                        [X] By U.S. Mail - postage prepaid
Laramie, WY 82070                           [  ] By Hand Delivery
                                            [  ] By Overnight Courier
                                            [  ] By Electronic Filing


_____
Kelli R. Kozeal
For  the  United  States  Attorney's  Office

(March 1965)
(formerly 4-1943)
Wyoming 43908

# The United States of America

To all to whom these presents shall come, Greeting:

WHEREAS

Melvin H. Brandt and Lula M. Brandt

in exchange for certain other lands conveyed to the United States, has
selected and is entitled to a Land Patent pursuant to the Act of March 20,
1922, as amended, 16 U.S.C. 485 (1970), for the following described land:

Sixth Principal Meridian, Wyoming

T. 13 N., R. 78 W.,

Tract 37.

Containing 83.32 acres;

NOW KNOW YE, that there is, therefore, granted by the UNITED STATES
unto the above named claimants the land above described; TO HAVE AND TO HOLD
the said land with all the rights, privileges, immunities, and appurtenances,
of whatsoever nature, thereunto belonging, unto the said claimants, their
successors and assigns, forever;

EXCEPTING AND RESERVING TO THE UNITED STATES from the land granted a
right-of-way thereon for ditches or canals constructed by the authority of
the United States; and

RESERVING TO the United States, and its assigns, a right-of-way for
the existing Platte Access Road No. 512 over and across Tract No. 37, in
Sections 21 and 22, T. 13 N., R. 78 W., 6th P.M.; beginning at a point from
which Corner No. 7 of Tract 37, T. 13 N., R. 78 W., 6th P.M. bears N. 13° 40'
E., approximately 420 feet, thence, with a right-of-way width 10 feet to left
of the centerline and 20 feet to the right of the centerline, traversing in
a southwesterly direction approximately 105 feet to a point from which Corner
No. 6 of said Tract No. 37 bears N. 73° 29' W., approximately 20 feet; and at
which the right-of-way changes to 80 feet in width lying equally on either
side of a centerline and continues traversing in a southwesterly direction
approximately 1,720 feet to a point on the south boundary of the said Tract
No. 37 from which Corner No. 3 of said Tract 37 bears N. 70° 03' W., approxi-
mately 825 feet and extending or shortening the side lines so as to terminate
at the property line of said Tract 37, having a total length of approximately
1,825 feet and containing 3.30 acres, more or less; and

RESERVING TO the United States, and its assigns, a right-of-way for the
existing Dry Park Road No. 517, over and across Tract 37 in Sections 21 and
22, T. 13 N., R. 78 W., 6th P.M. being approximately 80 feet in width, 40
feet to the left of the centerline, and to the extent the right-of-way

Patent Number  49-76-0031

EXHIBIT 1
USDC-WY-06-CV-184-J

(July 1975)
Wyoming 43908

delineated by the following described centerline lies within the foregoing
described Tract 37 approximately 40 feet to the right of that centerline,
and extending and shortening the sidelines so as to terminate at the property
line.  The centerline begins at a point on the north boundary of Tract 37,
T. 13 N., R. 78 W., 6th P.M. between Corner No. 7 and Corner No. 8 of said
Tract 37 from which said Corner No. 7 bears N. 73º 35' W., approximately
100 feet and traversing in a southwesterly direction approximately 440 feet
to a point representing the terminus of road No. 517 and its junction with
road No. 512, from which the Corner No. 7 of said Tract 37 bears N. 13º 40'
E., approximately 420 feet containing 0.71 acres, more or less.

Provided, that if for a period of five years, the United States, or
its assigns, shall cease to use the above roads, or any segment thereof,
for the purposes reserved, or if at any time the Regional Forester determines
that the roads, or any segment thereof, is no longer needed for the purposes
reserved, the easement traversed thereby shall terminate.  In the event of
such nonuse or such determination by the Regional Forester, the Regional
Forester shall furnish to the patentees or, their heirs or assigns, a
statement in recordable form evidencing termination.

SUBJECT TO those rights for railroad purposes as have been granted to
the Laramie Hahn's Peak & Pacific Railway Company, its successors or assigns
by permit Cheyenne 04128 under the Act of March 3, 1875, 43 U.S.C. 934-939.

IN TESTIMONY WHEREOF, the undersigned authorized officer of the
Bureau of Land Management, in accordance with the provisions
of the Act of June 17, 1948 (62 Stat. 476), has, in the name of the
United States, caused these letters to be made Patent, and the
Seal of the Bureau to be hereunto affixed.

GIVEN under my hand, in Cheyenne, Wyoming
the EIGHTEENTH.          day of FEBRUARY           in the year
of our Lord one thousand nine hundred and   SEVENTY-SIX
and of the Independence of the United States the two hundredth.
and

[SEAL]

By _____

Acting Chief, Branch of Lands and
Minerals Operations

Patent Number  49-76-0031

GPO 856-417

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 06-CV-014J |
| | ) | and |
| WYOMING AND COLORADO | ) | Consolidated Case |
| RAILROAD COMPANY, INC., et al., | ) | No. 06-CV-171J |
| Defendants | ) | |

# Declaration of Clinton D. Kyhl

NOW COMES, Clinton D. Kyhl, who deposes and states:

1. My name is Clinton D. Kyhl, and my work address is 2468 Jackson Street, Laramie, Wyoming 82070.

2. I have been an employee of the Department of Agriculture, Forest Service, for 24 years, and my current position is as District Ranger for the Laramie Ranger District, of the Medicine Bow Routt National Forest in the State of Wyoming.

3. In my current position, I am authorized to and responsible for administering the National Forest lands in the Laramie Ranger District in accordance with the laws and regulations applicable to the National Forest System.

4. The Forest Service field organization is set forth in regulations at Title 36, Code of Federal Regulations, section 200.2. The District Ranger is the first level line officer in the Forest Service organization and is charged with the administration of a ranger district. (36 CFR 200.2(a)(2)). Several ranger districts make up a National Forest, which is headed by a Forest Supervisor. (36 CFR 200.2(a)(1)). Several national forests may be collectively administered as a Forest Service Region, of which there are nine. The Medicine Bow Routt National Forest is in the Rocky Mountain Region which covers the five States of Colorado, Wyoming, Kansas, Nebraska, and South Dakota. A region is headed by the Regional Forester, who in turn reports directly to the Chief of the Forest Service in Washington, D.C. (36 CFR 200.2(a)).

5. With regard to road closures, Forest Service regulations at Title 36, Code of Federal Regulations, sections 261.50(b) and 261.54, authorize Forest Supervisors to issue public orders that may either close roads to public use, or restrict such uses. Under the same

EXHIBIT 2 (Kyhl Dec.)
USDC-WY-06-CV-184-J

authorities, the Forest Supervisor may rescind or modify previous closures. In so acting the Forest Supervisor generally acts upon the recommendation of a subordinate officer, usually the District Ranger.

6. I am familiar with the property known as Fox Park Estates, and the adjacent transportation routes including Forest Development Roads 517 and 512, and the right-of-way for the Wyoming and Colorado Railway. In 1976, Patent No. 49-76-0031 was issued by the Bureau of Land Management to Melvin M. Brandt and Lula M. Brandt conveying 83.32 acres identified as Tract 37, Township 13 North, Range 78 West (6th P.M. Wyoming). A portion of this land consisting of approximately 34.97 acres was later subdivided as Fox Park Estates. The 1976 patent reserves to the United States a right-of-way for the "Platte Access Road No. 512." This same road is also known as Forest Service Road 512, Forest Development Road 512, and National Forest System Road (NFSR) 512.

7. In 1996, my predecessor as District Ranger, Mr. Michael M. Sanders, considered the closure and abandonment of approximately 0.2 miles of Forest Development Road 512, part of which is north of and part of which is adjacent to Fox Park Estates. *See:* Attachment A (September 17, 1996 letter from District Ranger Sanders to Mr. Brandt). On October 21, 1996, District Ranger Sanders issued a decision notice for closure and abandonment of that 0.2 mile segment of Forest Development Road 512 as shown on the map enclosed with the decision. *See:* Attachment B (Decision memo with map).

8. At public expense, the Forest Service rerouted traffic from the above-referenced segment of Forest Development Road 512 to go around Fox Park Estates. There is no record of any reimbursement of the Forest Service or the Government by landowners at Fox Park Estates, or by the Brandts, or of any non-Federal contribution to this project.

9. The Regional Forester never acted on the District Ranger's October 21, 1996 decision memo to abandon the Federal interest in the 0.2 mile segment of Forest Development Road 512 or any part of that road through Fox Park, and the Forest Service continued to exercise administrative jurisdiction over the entire segment of Forest Development Road 512 through Fox Park (also known as Tract 37).

10. Pursuant to Title 36, Code of Federal Regulations, sections 261.50 and 261.54, public use was closed on a portion of Forest Development Road 512 by an order issued by the Forest Supervisor on July, 29, 1997. *See:* Attachment C (describing the portion of road closed to the public). The portion of road subject to the closure order was different from the portion of the road referred to in the decision memo. Compare the drawing in Attachment C with the map in Attachment B.

11. No law or regulation empowers the Forest Supervisor or District Ranger to abandon federal real property rights. So, the District Ranger's 1996 decision memo and the Forest Supervisor's 1997 closure order could only affect use of the road, that is, whether it was open or closed. Under the order, even closure of the road was subject to enumerated exceptions. For example, the closure order exempted persons authorized by a permit to

use the road segment, any governmental officer, rescue or fire fighting force performing official duties, and owners or lessees of land in the area.

12.   While general public traffic has been routed around Fox Park Estates, the Forest Service has always maintained the right to enter on the Forest Development Road 512 in the course of official business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _4th_ day of  October, 2007.


_____

CLINTON D. KYHL
District Ranger



| United States Department of Agriculture | Forest Service | Rocky Mountain Region | **Laramie Ranger District** Medicine Bow-Routt N.F. 2468 Jackson Street Laramie, Wyoming 82070 |
|---|---|---|---|

Reply to: 1950

Date: September 17, 1996

M. M. Brandt
P.O. Box 7
Foxpark, WY  82057

Dear M. M.:

The Laramie Ranger District is proposing to re-route the transportation system in the vicinity of Fox Park. Fox Park is located along Forest Service Road (FSR) 512, approximately 1 1/2 miles north of Highway 230 (please see the enclosed map). The proposal would include closing and obliterating roughly 0.2 miles of FSR 512 from the junction of FSR 512 and FSR 517 to the Fox Park Resort. To continue to allow access on FSP 512, FSR 512.C would be re-opened. FSR 512.C runs west of Fox Park between the Resort and the old Fox Park Forest Service Work Center and joins with FSR 512. The enclosed map depicts the proposed re-route.

This project is being proposed because of traffic concerns next to the Fox Park Resort. Due to the straight away on FSR 512 past the Resort, excessive speeds have been reported which is a safety concern. The traffic also results in excessive amounts of dust which is a health concern and an annoyance. The proposed re-route would alleviate these problems.

FSR 512, in the vicinity of the Fox Park Resort, is owned by Marv Brandt, owner of the Fox Park Resort. The Forest Service currently has an easement allowing access across the road. ~~By implementing this proposal, the Forest Service would relinquish its easement and access would be provided on National Forest System (NFS) lands.~~

An interdisciplinary team of Forest personnel will be conducting an analysis of the situation. The analysis will then be documented in an appropriate National Environmental Policy Act (NEPA) document. The information obtained during the analysis and the type of issues and concerns or information submitted during the public comment period for this proposal will dictate the type of NEPA document that will be required.

In addition to the NEPA process, the Forest will be analyzing this project for its potential effects to cultural resources, as required by the National



Historic Preservation Act (1966, as amended). If you have any concerns
pertaining to the effects of this project on archaeological or historic sites,
please contact Deana Wood at (307) 745-2300.

### ANTICIPATED OPPORTUNITIES

* Improve public safety.
* Reduce dust problem.
* Provide access on NFS lands and relinquish the easement.
* Continue access to the Fox Park Resort.

### NATURE OF DECISIONS TO BE MADE

Due to the site-specific nature of the proposal, the decisions to be made are
limited to the following:

1) Should the project be implemented or not?

2) Should the project be implemented as proposed or should it be modified?

3) If the project is approved, which specific mitigation measures and
monitoring measures should be implemented?

### PUBLIC INVOLVEMENT

Public involvement is an important part of the Forest Service environmental
analysis process for determining the scope of issues to be addressed and for
"dentifying potentially significant issues related to the proposal (36 CFR
1501.7). For these reasons, I encourage you to take the time to consider our
proposal and to submit your comments on it to the Laramie Ranger District
office by October 17, 1996. Written comments should be submitted to Laramie
Ranger District, Attn: Melissa Martin, 2468 Jackson, Laramie, Wyoming 82070.

This letter and request for public comments has also been mailed to other
federal, state, and local agencies, and individuals or organizations who may be
interested in or affected by the decision. Notice of this public involvement
effort has also been given through the local news media.

If you would like additional information regarding this proposal or would like
to submit comments verbally, please contact either Mike Sanders, District
Ranger, or Melissa Martin, Environmental Coordinator, at (307) 745-2300.

MICHAEL M. SANDERS
District Ranger

Encl. (1)



**Caring for the Land and Serving People**

Printed on Recycled Paper
FS-6200-28b (12/93)

Fox Park Topographic Map



### DECISION MEMO
### Fox Park Re-Route

#### Laramie Ranger District
#### Medicine Bow-Routt National Forest
#### Albany County, Wyoming

Proposed Action:
---

The Laramie Ranger District of the Medicine Bow-Routt National Forest is
proposing to re-route the transportation system in the vicinity of Fox Park.
Fox Park is located along Forest Service Road (FSR) 512 approximately 1 and 1/2
miles north of Highway 230 (please see the enclosed map).  The proposal includes
closing and obliterating roughly 0.2 miles of FSR 512 from the junction of FSR
512 and FSR 517 to the Fox Park Resort.  To continue to allow access on FSR 512,
FSR 512.C would be re-opened.  FSR 512.C runs west of Fox Park between the
Resort and the old Fox Park Forest Service Work Center and joins with FSR 512.
The enclosed map depicts the proposed re-route.

The purpose of the project is to reduce traffic concerns next to the Fox Park
Resort.  Due to the straight away on FSR 512 past the resort, excessive speeds
have been reported which is a safety concern.  The traffic also results in
excessive dust which is a health concern and an annoyance.  The proposed
re-route would alleviate these problems.

FSR 512, in the vicinity of the Fox Park Resort, is owned by Marv Brandt, owner
of the Resort.  The Forest Service currently has an easement allowing access
across the road.  By implementing this proposal, the Forest Service would
relinquish the easement and access would be provided on National Forest System
(NFS) lands.

Decision:
---

It is my decision, based upon a review of the environmental analysis, to proceed
with the transportation re-route, as described above, in the vicinity of Fox
Park.  The reasons for my decision are as follows:

> An Interdisciplinary Team of Forest Service specialists analyzed the
> proposal and determined that there are no significant issues related to it,
> as described in 40 CFR 1508.28.  Public involvement activities (40 CFR
> 1506.6), including Scoping (40 CFR 1501.7), supported this conclusion.

> Implementation of this project will improve public health and safety.

> This decision will continue to allow access on FSR 512 and will alleviate
> the above-mentioned health and safety concerns.  It will also allow the
> Forest Service to relinquish the existing easement because access will be
> provided solely on NFS lands.

> No archaeological or historical properties will be affected by project
> implementation.

Based on the environmental analysis (40 CFR 1501.2(a)) and public Scoping, the
effects of implementing this proposal will be of limited context and intensity.
It will also result in little or no additional impacts to either the physical or
biological components of the environment.  In addition, this proposal does not

involve any extraordinary circumstances.  Therefore, this project is
Categorically Excluded from documentation in an Environmental Assessment or
Environmental Impact Statement, as described by Category 4.c, in Forest Service
Handbook 1909.15, Section 31.1:  4) Repair and maintenance of roads, trails, and
landline boundaries; a) Resurfacing a road to its original condition.

## Public Involvement:

On September 17, 1996, a letter informing people of this project was sent to
approximately 12 individuals, Landowner Associations, and groups.  The letter
included a description of the proposed action, the need for the action,
anticipated opportunities, and the type of decision to be made.  The letter also
requested that comments, suggestions, and concerns be submitted to the Laramie
District to assist the ID Team in identifying significant issues.  Also on
September 17th, a news release describing the proposal and requesting comments
on it was mailed to radio stations and newspapers in Laramie, Rawlins, and
Cheyenne.  Between the two scoping efforts, only one comment letter was
received.  The letter was in favor of the project.

## Findings Required by Other Laws:

The <u>Medicine Bow National Forest and Thunder Basin National Grassland Land and
Resource Management Plan</u> (Forest Plan) has been reviewed and a determination
made that this decision complies fully with the Goals and Objectives listed on
Forest Plan pages III-3 through III-6.  In addition, this projects is consistent
with applicable Management Area Direction, General Direction, and Standards and
Guidelines (pages III-85 through III-234) of the Forest Plan.

This decision has been reviewed by the project ID Team and compared to the
requirements in Forest Service Handbook 1909.15, Chapter 10, Section 15.
Floodplains, prime forest lands, wetlands, threatened and endangered species,
minorities and women, Indian Tribes, and cultural resources have been considered
and will not be adversely affected by the proposed activities of this project.

## Implementation Date:

Implementation of this decision may occur immediately.

## Administrative Review or Appeal Opportunities:

This decision is not subject to administrative appeal pursuant to 36 CFR
215.8(4), "Notice, Comment, and Appeal Procedures for National Forest System
Projects and Activities."

## Contact Person:

Anyone desiring additional information may contact Michael Sanders, District
Ranger, at the Laramie Ranger District Office, 2468 Jackson Street, Laramie,
Wyoming  82070.  Telephone:  (307) 745-2300.

**Responsible Official**

MICHAEL M. SANDERS, District Ranger                    10/21/96

Date

Fox Park Topographic Map



ORDER 97- 10

## ORDER

### TRAVEL MANAGEMENT

### MEDICINE BOW · ROUTT NATIONAL FOREST

THE PURPOSE OF THIS ORDER IS TO ALLOW CLOSURE , ABANDONMENT, REMOVAL THE ROAD SURFACE ON A PORTION OF FDR 512, AND REROUTING OF TRAFFIC ONTO FDR 512.C.

Pursuant to Title 36, Code of Federal Regulations, Section 261.50(b), the following act is prohibited on the Medicine Bow - Routt National Forest.

Operating a motor vehicle on that portion of FDR 512 from the intersection of FDR 512 and FDR 512.C to the intersection of FDR 512 and FDR 517 (see map below). **36 CFR 261.54(a).**



Pursuant to Title 36, Code of Federal Regulations, Section 261.50(e), the following persons are exempt from this order:

1.  Any person with a permit specifically authorizing the otherwise prohibited act or omission.

2.  Any Federal, State, or local officer, or member of an organized rescue or fire fighting force in the performance of an official duty.

3.  Owners or lessees of land in the area.

Done at Laramie, Wyoming this _29_ day of _July_ , 1997.

JERRY E. SCHMIDT
Forest Supervisor
Medicine Bow - Routt National forest

Violations of this prohibition are punishable by a fine of not more than $5000.00, imprisonment for not more than six (6) months, or both.     **Title 16, United States Code, Section 551.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 06-CV-014J |
| | ) | and |
| WYOMING AND COLORADO | ) | Consolidated Case |
| RAILROAD COMPANY, INC., et al., | ) | No. 06-CV-171J |
| Defendants | ) | |

# Declaration of Curtiss J. Orde

NOW COMES, Curtiss J. Orde, who deposes and states:

1. My name is Curtiss J. Orde, and I reside in Centennial, Wyoming.

2. I was an employee of the Department of Agriculture, Forest Service, for 29 years, and my last position was as Law Enforcement Officer for the Medicine Bow- Routt National Forests in the States of Wyoming and Colorado. I retired September 30, 2007.

3. In my position as Law Enforcement Officer, my responsibilities included enforcement of all federal statutes, regulations, and special orders applicable to protection of the resources and property administered by the USDA Forest Service on the Medicine Bow-Routt National Forests. Additionally, I provided technical advice to line officers related to implementation of orders promulgated pursuant to Title 36 Code of Federal Regulations, part 261.50.

4. I am familiar with the property know as Fox Park Estates, and the adjacent transportation routes including Forest Development Roads 517 and 512 and the right-of-way for the Wyoming and Colorado Railway. My duties and responsibilities required me to perform my law enforcement duties on both Forest Development Roads and along the railroad right-of-way since I arrived on the Medicine Bow-Routt National Forests in December 1980.

5. Public use was closed on that portion of Forest Development Road 512 which is adjacent to Fox Park Estates and the railroad right-of-way. This was accomplished by a closure order number 97-10 issued by the Forest Supervisor on July, 29, 1997 (see attachment #1). I provided technical advice, and prepared the closure order 97-10 closing that portion of Forest Development Road 512. It was my understanding that this order only closed the road off to the public, nothing more. Actual termination would require

1

EXHIBIT 3 (Orde Dec.)
USDC-WY-06-CV-184-J

additional action by the Regional Forester. The Closure Order 97-10 is still in effect and has not been rescinded by the Forest Supervisor.

6. However, notwithstanding the public closure, the Forest Service continued to have access to and use of that portion of Forest Development Road 512 through a wooden gate on the south end of the Fox Park Estates. My access was initially gained by using the electronic gate closure button on the west side of the gate. After approximately 2002, the electronic gate closure device was removed and I gained access by physically swinging the gate open and propping the gate open.

7. Over the course of the past decade, in the performance of my official duties, I entered upon that portion of Forest Development Road 512 for the purposes of: 1) contacting unlicensed (ATV, motorcycle, snowmobiles) operators, 2) contacting firewood cutters to check permits, 3) contacting operators of non-registered ATVs and/or motorcycles ridden from Forest Development Road 512 on the National Forest, 4) attempting to locate criminal suspect for the Albany County Sheriff's Office, 5) checking on the structural integrity of the road bed, and 6) contacting snowmobile operators to inspect registration decals, and 7) conducting accident investigations associated with Mr. Greg Brown's snowmobile rental business which operates on Fox Park Estates property adjacent to Forest Development Road 512.

8. More specifically, based on my daily work logs, I entered Forest Development Road 512 within the Fox Park Estates on:

| Date | Reason for Entry |
|------|------------------|
| 06-26-92 | Gas truck leak off FSR 512, warn residents |
| 10-01-93 | Meet victim of accidental gun shot wound in Fox Park |
| 10-01-94 | Attempt to locate hunter & patrol |
| 11-04-95 | Hunter complaint about ATVs on roads/forest |
| 11-10-95 | Patrol |
| 06-29-96 | Patrol |
| 10-06-96 | Patrol |
| 11-19-96 | Snowmobile harassment complaint from citizen |
| 08-09-97 | Check wood cutters & patrol |
| 10-10-97 | Patrol |
| 10-12-97 | Missing person (hunter) search |
| 07-08-98 | Search for garbage dumping suspect |
| 08-29-98 | Patrol |
| 07-03-99 | Patrol |
| 08-20-99 | Patrol |
| 03-18-00 | Patrol |
| 04-02-00 | Patrol |
| 05-29-00 | Patrol |
| 07-02-00 | Marvin Brandt horses trespassing on NF lands complaint |
| 07-14-00 | Marvin Brandt horses trespassing on NF lands complaint |
| 08-14-00 | Marvin Brandt horses trespassing on NF lands complaint |

| | |
|---|---|
| 09-23-00 | Patrol |
| 03-16-02 | checking snowmobile permits |
| 08-25-02 | check firewood cutting permits |
| 08-31-02 | check firewood cutting permits |
| 10-29-02 | attempt to locate sexual assault suspect for Albany Co. SO |
| 01-11-03 | check snowmobile registrations |
| 01-12-03 | check snowmobile registrations |
| 08-30-03 | contact with unlicensed drivers & unregistered ATVs |
| 01-17-04 | check snowmobile registrations & rental registrations |
| 12-26-04 | follow-up on snowmobile fatality |
| 07-15-05 | check ATV operator w/o drivers license |
| 11-26-05 | routine patrol, check road condition |
| 03-??-06 | follow-up on fractured ankle (snowmobile accident) |

9.  While general public traffic has been routed around Fox Park Estates, the Forest Service, in the course of official business, has always maintained and exercised the right to enter on the closed portion of Forest Development Road 512.  Moreover, the Supervisor's Order closing that portion of the Forest Development Road 512 which passes through Fox Park Estates contains the exemption (pursuant to Title 36 Code of Federal Regulations, Section 261.50(e)) that allows "Any Federal, State, or local officer, or member of an organized rescue or fire fighting force in the performance of an official duty" to use that portion of the road covered in the Order.  In the course of my duties, I often traveled by patrol car, snowmobile, and ATV on that portion of Forest Development Road 512 while on official duty.

10.  The continuous and ongoing conduct of my official duties on the closed portion of Forest Development Road 512 was premised on the continued ownership and control of that road segment by the United States, which ownership and control has not been relinquished.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of October, 2007.

CURTISS J. ORDE
Law Enforcement Officer (Retired)
USDA Forest Service

3

ORDER 97· 10

## ORDER

### TRAVEL MANAGEMENT

### MEDICINE BOW · ROUTT NATIONAL FOREST

THE PURPOSE OF THIS ORDER IS TO ALLOW CLOSURE , ABANDONMENT, REMOVAL THE ROAD SURFACE ON A PORTION OF FDR 512, AND REROUTING OF TRAFFIC ONTO FDR 512.C.

Pursuant to Title 36, Code of Federal Regulations, Section 261.50(b), the following act is prohibited on the Medicine Bow - Routt National Forest.

Operating a motor vehicle on that portion of FDR 512 from the intersection of FDR 512 and FDR 512.C to the intersection of FDR 512 and FDR 517 (see map below). **36 CFR 261.54(a).**



Pursuant to Title 36, Code of Federal Regulations, Section 261.50(e), the following persons are exempt from this order:

1.   Any person with a permit specifically authorizing the otherwise prohibited act or omission.

2.   Any Federal, State, or local officer, or member of an organized rescue or fire fighting force in the performance of an official duty.

3.   Owners or lessees of land in the area.

Done at Laramie, Wyoming this  29  day of  July  , 1997.

JERRY E. SCHMIDT
Forest Supervisor
Medicine Bow - Routt National forest

Violations of this prohibition are punishable by a fine of not more than $5000.00, imprisonment for not more than six (6) months, or both.      **Title 16, United States Code, Section 551.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 06-CV-014J |
| | ) | and |
| WYOMING AND COLORADO | ) | Consolidated Case |
| RAILROAD COMPANY, INC., et al., | ) | No. 06-CV-171J |
| Defendants | ) | |

# Declaration of P. Michael Winters

NOW COMES, P. Michael Winters, who deposes and states:

1. My name is P. Michael Winters, and I reside at 1656 Coughlin Street, Laramie, Wyoming, 82072.

2. I have been an employee of the Department of Agriculture, Forest Service, for 36 years, and my current position is as Land Uses Specialist for the Laramie Ranger District, of the Medicine Bow-Routt National Forests in the States of Wyoming and Colorado.

3. In my current position, my responsibilities include processing, preparing, and administering permits for activities/facilities on National Forest Service (NFS) land; administering the minerals program; and administering the Lands Program, including utility rights-of-way, road easements, small tracts act cases, and land exchanges.

4. I am familiar with the property know as Fox Park Estates, and the adjacent transportation routes including National Forest System Roads 517 and 512 and the right-of-way for the Wyoming and Colorado Railway. National Forest System Roads are also referred to as Forest Development Roads and Forest Service Roads.

5. Public use was closed on that portion of National Forest System Road 512 which is adjacent to Fox Park Estates and the railroad right-of-way. This was accomplished by a closure order issued by the Forest Supervisor on July, 29, 1997. However, the Forest Service continued to have access to that closed portion of National Forest System Road 512. Access to the closed portion is from the south through the gate at the private property boundary. This gate has an electric gate opener which operates similar to a garage door opener. There were two posts, one on each side of the gate at the side of the road, with a doorbell like button on each post. You pushed the button and the gate

1

EXHIBIT 4 (Winters Dec.)
USDC-WY-06-CV-184-J

opened. After a period of time, the gate closes automatically. Access from the north is blocked by a buck and pole across the road right-of-way.

6. Over the course of the past decade, in the performance of my official duties, I have entered occasionally upon that portion of National Forest System Road (NFSR) 512 for the purposes of inspecting the Easements along NFSRs 512 and 517 that were reserved to the United States as an encumbrance on the Land Patent, issued to Melvin M Brandt and Lula M. Brandt on February 18, 1976 Like easements elsewhere on the National Forest, a purpose of these routine inspections is to check for encroachments from adjacent private lands, and to ascertain the general condition of the right-of-way for Forest Service uses.

7. For example, my records show that on March 12, 2003, I accompanied Phil Burke, Land Surveyor for the Medicine Bow-Routt National Forests, on to the portion of NFSR 512 which had been closed to public use  NFSR 512 had been plowed of snow from Wyoming State Highway 230 and onto the Foxpark private property. Phil and I drove in a Forest Service vehicle along NFSR 512 from Highway 230 to the closed gate at the property boundary. We opened the gate by pushing the doorbell like button on the post beside NFSR 512. Phil and I drove north along the plowed road to where the plowed road turned to the left, near the northeast corner of Lot 44 of Fox Park Estates. Phil and I parked the vehicle and walked northward toward NFSR 517. We climbed on top of the berm of snow beside the plowed road and proceeded walking to the buck and pole fence near where NFSR 517 crosses the existing railroad bed. The snow was at least three (3) feet deep and we mostly walked on top of the crusted snow. Upon returning to the vehicle, we drove along the plowed road back to the closed gate and pushed the doorbell like button on the post next to the road. When the gate opened, we drove southward along NFSR 512, back to Wyoming State Highway 230, and returned to the Forest Service office in Laramie, Wyoming.

8. While general public traffic has been routed around Fox Park Estates, the Forest Service has always maintained and exercised the right to enter on the National Forest System Road 512 in the course of official business.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this _4 7h_ day of October, 2007.


P. Michael Winters